**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, CA 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jwinters@singletonschreiber.com
Email: sball@einsurelaw.com

Attorneys for Plaintiff, ARMIDA PARALA

*For Additional Counsel, See Next Page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMIDA PARALA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY f/k/a TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, an Iowa Corporation,<br><br>Defendant. | Case No.: 2:25-cv-05479-RGK-AJR<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT OR RELIEF (CAL. CIV. CODE § 1060 *ET SEQ.*);**<br><br>**(2) DECLARATORY JUDGMENT OR RELIEF (FEDERAL DECLARATORY JUDGMENT ACT – 28 U.S.C. §§ 2201, *ET SEQ.*);**<br><br>**(3) BREACH OF CONTRACT;**<br><br>**(4) UNFAIR COMPETITION (CAL. BUS. AND PROF. CODE § 17200, *ET SEQ.*); and**<br><br>**(5) BAD FAITH.**<br><br>**DEMAND FOR JURY TRIAL.** |

**SINGLETON SCHREIBER, LLP**
Michelle M. Meyers (SBN 236387)
Christopher R. Rodriguez (SBN 212274)
Andrew D. Bluth (SBN 232387)
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515
Email: crodriguez@singletonschreiber.com
Email: abluth@singletonschreiber.com
Email: mmeyers@singletonschreiber.com

Attorneys for Plaintiff, ARMIDA PARALA

Plaintiff ARMIDA PARALA, makes the following allegations against Defendant TRANSAMERICA LIFE INSURANCE COMPANY, formerly known as TRANSAMERICA PREMIER LIFE INSURANCE COMPANY ("TLIC"), as follows:

## I. NATURE OF THE CASE

1. Since January 2013, TLIC has unlawfully terminated thousands of life insurance policies, violating California law. Plaintiff is entitled to damages, declaratory relief, and equitable relief. Plaintiff is also entitled to damages for TLIC's "bad faith" conduct.

2. Since January 1, 2013, all life insurers in California must comply with the notice and grace period provisions of California Insurance Code Sections 10113.71 and 10113.72 before lapsing or terminating a policy for nonpayment. There are no exceptions.

3. First, every life insurance policy must "contain," and every insurer must actually provide a 60-day grace period after any missed premium payment. During this time, premiums received must be accepted without condition and the policy owner and the insurer may not declare the policy lapsed or terminated. Should the insured die during the grace period, the insurer must pay the policy benefits.

4. Second, the Statutes mandate that no policy may lapse or be terminated until and unless, after a payment is due and is unpaid, the insurer mails a 30-day warning notice, not only to the policy owner, but also to any assignee, any person with interest in the policy, and a designee selected by the policy owner to receive such notice. The notice may only be mailed after the initial premium is due and is unpaid and must be an accurate description of the status of the policy.

5. Next, every policy owner must be regularly notified, in writing, of his or her right to designate another individual or designee to receive lapse warnings.

6. Finally, under the terms of the Statutes, no insurer may lapse or terminate a life insurance policy for nonpayment without first complying with all

these provisions. Failure to comply with all these notice provisions voids any attempted termination or lapse as a matter of law until and unless there has been compliance. None of these requirements are satisfied by substantial performance, nor are they excused by the conduct of the policy owner.

7. Since January 1, 2013, TLIC has systematically and purposely failed to provide full 60-day grace periods on all policies, proper notices of pending lapse or termination, or inform policy owners of their right to designate a third party to receive notices of lapse.

8. Moreover, since January 1, 2013, TLIC has become aware of its failures and has failed to take appropriate corrective action. Instead, TLIC appears to have doubled down and made the decision to ignore the law, ignore court rulings, and deal with the occasional individual complaint without regard to its obligation to apply these rules properly and completely to all its life insurance products sold in this state.

9. TLIC's disregard for the law is widespread. Indeed, thousands of policy owners have lost and continue to lose the benefit, value, and security of their life insurance; have been and continue to be forced into unnecessary reinstatements; and in many instances have lost all reasonable access to any insurance at all. Ultimately, TLIC has robbed thousands of its beneficiaries of policy benefits, and thousands of insureds of life insurance protection.

10. Plaintiff is a victim of TLIC's violations. TLIC wrongfully terminated Plaintiff's policy without providing all the Statutes' protections. She now brings this action, not only for her benefit, but also on behalf of the numerous California policy owners and beneficiaries who have been denied and continue to be denied the benefits of California law and their policies.

## II. <u>PARTIES</u>

11. Plaintiff ARMIDA PARALA is an individual and the beneficiary of a life insurance policy that insured her late aunt's life (somethings "The Policy") and

issued by Defendant. At the time the subject policy was issued, Plaintiff was a resident of Los Angeles, California. The premiums were paid from Los Angeles, California. And at all relevant times the insured risk was in Los Angeles, California.

12. Defendant TRANSAMERICA LIFE INSURANCE COMPANY (f/k/a Transamerica Premier Life Insurance Company) is an Iowa company doing business in California. It is registered to do business in California and is licensed by the California Department of Insurance to sell life insurance here in California. Transamerica Premier Life Insurance Company merged into and is now known as Transamerica Life Insurance Company. From 2013 until the present, Transamerica Premier Life Insurance Company and/or Transamerica Life Insurance Company was (were) the insurer(s) responsible for administering and honoring the subject policy.

## III. JURISDICTION & VENUE

13. This is a civil matter of which the Courts of California have jurisdiction. This action arose in the state of California and exclusively involves application of laws of the state of California, as well as life insurance policies issued or delivered in California.

14. Plaintiff is informed and believes that the controversy at issue solely involves a dispute confined to the state of California, its laws, and the ultimate jurisdiction of the courts of California. The subject policy was issued and delivered in Los Angeles, California, and the policy owner and insured lived and died in Los Angeles, California and paid premiums from Los Angeles, California.

15. Plaintiff is informed and believes that all injuries and damages arose primarily in the state of California and all related conduct of the Defendant occurred solely within the state of California.

16. TLIC is authorized to conduct business in this state and has intentionally availed itself of the laws and markets within this state and does substantial business in this state. TLIC's business within this state is substantial and consists of the marketing, sale, delivery, maintenance, and administration of

thousands of life insurance policies, representing billions of dollars in benefits, as well as the maintenance of dozens of sales and agent offices in California.

17. TLIC advertises throughout California, including throughout this county, and conducts significant sales and related business activities in California and in this county, in general, as well as specifically regarding the marketing, sale, and administration of life insurance policies.

## IV. THE ENACTMENT AND APPLICABILITY OF INSURANCE CODE SECTIONS 10113.71 AND 10113.72

18. In 2012, after extensive and open hearings and public consideration, including with Defendant and all other major insurance companies doing business in California, the California Legislature enacted Insurance Code Sections 10113.71 and 10113.72 (i.e., the "Statutes"), which created preconditions for the termination and lapse of life insurance policies. The Statutes were written to avoid unintended forfeiture of life insurance policies primarily being suffered by the elderly and the ill. The Legislature found that there was a significant problem in California with the elderly abruptly losing insurance because they happened to miss a premium payment, despite having faithfully and timely paid for many years. But the Statutes were nonetheless also designed to apply to all forms of life insurance.

19. Sections 10113.71 and 10113.72, in addition to other statutory provisions and laws in effect as of January 1, 2013, mandate that every life insurance policy governed by California law shall contain a 60-day grace period and that the policy shall remain in force during the grace period. Cal. Ins. Code § 10113.71(a).

20. The provisions further require that, before any individual life insurance policy governed by California law is lapsed or terminated for nonpayment of premium, a 30-day written notice of pending lapse or termination must be mailed, not only to the policyholder, but also to any additional person who has been designated to receive such notice, as well as to any person having any interest in the

policy. Cal. Ins. Code § 10113.72(b)(1); and *see* Cal. Ins. Code § 10113.72(c) (dealing with designee notification).

21. The provisions also mandate that the insurer, on an annual basis, as well as during any application process, notify the policy owner of his or her right to designate additional notice recipients.

22. Finally, the Statutes mandate that no lapse or termination is effective unless every one of the applicable provisions is complied with. The Statutes codified existing California law on compliance with forfeiture provisions.

23. The provisions are applicable individually and severally to all life insurance policies governed by California law.

24. More specifically, Section 10113.71 originally reads as follows:

> **§ 10113.71 Grace Period; Notice of pending lapse and termination of policy; Mailing requirement**
>
> (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.
>
> (b) (1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
>
> (2) This subdivision shall not apply to nonrenewal.
>
> (3) Notice shall be given to the policy owner and to the designee by first-class TLIC Sates mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.
>
> (c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

Next, Section 10113.72 states:

> **§ 10113.72 Right to designate person to receive notice of lapse or termination of policy for nonpayment of premium; Right to change designation; Notice of lapse or termination**
>
> (a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.
>
> (b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.
>
> (c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class TLIC States mail within 30 days after a premium is due and unpaid.

## V. TLIC'S VIOLATIONS OF LAW

25. In 2012, Defendant was made fully aware of the drafting and enactment of these provisions. And through its own lobbying groups and regulatory advisors, Defendant understood how and in what fashion the Statutes would apply. Prior to enactment, Defendant made no attempt to object to the enactment of the Statutes.

26. Despite early knowledge of the Statutes and their mandates, since January 1, 2013, Defendant has failed to fully comply with the Statutes.

27. TLIC has failed to provide full 60-day grace periods.

28. TLIC has failed to mail accurate 30-day pending lapse notices to the policy owner and/or their designees.

29. TLIC has failed to provide annual notifications to policy owners entitled to such notices of their rights to designate others to receive lapse warnings

30. TLIC has wrongfully terminated thousands of policies despite failing to provide all the notices and protections mandated by The Statutes.

31. TLIC does not dispute that it violated The Statutes. It will claim, rather, that at least for a time, it did not believe that The Statutes applied to policies sold before their enactment in 2013, even if the lapse events took place *after* enactment. Regardless, in August of 2021, the California Supreme Court expressly confirmed that the Statutes apply to all policies in effect on or after Jan. 1, 2013, including TLIC's pre-2013 policies. *McHugh v. Protective Life Ins. Co.* (2021) 12 Cal. 5th 213, 220 ("*McHugh*").

32. TLIC learned that the California Supreme Court, in *McHugh,* had confirmed that the Statutes applied to all its in force life insurance policies, including, Plaintiff's policy, but has yet to acknowledge this fact, inform its insureds that it wrongfully terminated their policies, and still refuses to comply with the law after August 2021.TLIC has imposed new conditions on terminated policies, including the demand for repayment of unearned premiums, as well as ignoring the consequences of noncompliance with the Statutes.

33. Finally, Plaintiff is informed and believes that TLIC has failed to properly train and educate its sales and underwriting staff, as well as its claims personnel and others, whose knowledge of these rules is essential for TLIC's operation. Plaintiff is informed and believes that additional violations of the Statutes have also occurred, which will be disclosed during this litigation.

## VI. PLAINTIFF'S POLICY, TERMINATION, DENIAL AND DELAYBENEFITS

34. In or before 1998, non-party Luzviminda Hernandez ("Ms. Hernandez") purchased, from or in California, a life insurance policy (the "Policy" or "Subject Policy 2") from Defendant (Policy No. 50E0014143).

35. As of January 1, 2013, and at all times thereafter, Defendant was responsible for all contractual and statutory obligations associated with the Policy.

36. Plaintiff Parala is informed and believes that a full and complete copy of the Subject Policy 2, Policy No. 50E0014143, is in the custody and control of Defendant. The Policy was purchased in California, was issued and delivered in California, and premiums were all paid from California such that it was and continues to be governed by the laws of the State of California including but not limited to the Statutes. The purpose of this policy was to protect Plaintiff and her family.

37. Plaintiff Parala is informed and believes that the value of the policy is $500,000 or more and names Plaintiff Parala as the primary beneficiary. Plaintiff Parala is the niece of Ms. Hernandez.

38. Despite the application of California law, Defendant did not provide a proper 30 day notice, or the right to designate a third party to receive such notice to Ms. Hernandez prior to termination of the policy. Plaintiff Parala is informed and believes that these failures were part of a general business practice of TLIC of ignoring and misapplying Sections 10113.71 and 10113.72, and the express language of its policies.

39. Ms. Hernandez made premium payments in response to notices sent by Defendant any time the policy value was insufficient to cover the monthly premium consistently for over 20 years. Plaintiff Parala is informed and believes that the premium was paid through an automatic bank draft.

40. Sometime in or around the spring or summer of 2020, Ms. Hernandez became ill, and was staying with her sisters, and was not staying in her own home. Plaintiff Parala is informed and believes that sometime around that time the cash value of the policy diminished and additional premium, above the amount which had been authorized to be deducted from Ms. Hernandez' policy, was required to keep the policy in force. Upon becoming aware that a premium payment was due,

Plaintiff Parala is informed and believes that Ms. Hernandez sent payment to Defendant for the amount indicated on the premium due notice, which was initially accepted, but was subsequently returned and the policy was terminated.

41. Had Defendant provided an accurate 30-day notice of pending lapse, that specified the accurate amount due to keep the policy in force, as required by the Statutes, the policy would have been saved. Defendant's failure to comply with The Statutes was a direct cause of the lapse and termination of the policy. Similarly, had Defendant provided notice of a right to designate, and sent an accurate notice of pending lapse to all designees, the policy would not have lapsed. Plaintiff and Ms. Hernandez, at all relevant times, wanted the policy.

42. After the purported termination, Ms. Hernandez succumbed to certain injuries and passed away.

43. Plaintiff Parala is informed and believes that Ms. Hernandez had more than one policy of insurance with TLIC.

44. Following Ms. Hernandez' death, Plaintiff made a claim for benefits. One of the policies was paid out, but Defendant contended that the subject policy had lapsed for nonpayment prior to Ms. Hernandez' death and refused to pay the amounts owed.

45. At no point relevant to this matter has Defendant complied with or attempted to comply with the provisions of Sections 10113.71 or 10113.72 regarding the subject Policy.

46. For example, Defendant also violated Section 10113.72 by failing to provide notice of a right to designate an alternative notice recipient. As such, termination of the policy was ineffective and the policy remained in force on the date of Ms. Hernandez' death. This purported termination not only violated the terms of the California Insurance Code, but also constituted a material breach of the contract. These breaches left Ms. Hernandez purportedly uninsured, without access to the ongoing benefits of the Policy she had diligently paid for nearly fifteen years.

47. Due to each and every violation of these Statutes, the lapse and termination of the Policy was void and ineffective. Defendant failed to comply with any of the mandates of Sections 10113.71 or 10113.72. As such, the Policy was not legally terminated. The failure to comply with these provisions was, and remains, a material breach of the Policy.

48. Because the policy was not legally terminated, benefits were due and owed upon the death of Ms. Hernandez. Despite numerous requests for acknowledgement of coverage and presentation of claims for benefits, Defendant refused to reconsider its position, admit to the failure to properly comply and apply the Statutes and otherwise satisfy the policy and statutory requirements imposed on Defendant.

49. Without any option, Plaintiff then retained counsel to present her claim on her own behalf and on behalf of others. Counsel for Plaintiff then advised the Defendant that Plaintiff would be pursuing Plaintiff's claim through an action in law and would also be seeking to represent others who had suffered the same and similar injuries.

50. Defendant and its counsel knew that Plaintiff had retained counsel and would be filing a complaint.

51. Plaintiff and her counsel were preparing to file their complaint when, on March 14, 2025, counsel for Defendant, advised that that Defendant would be tendering a payment to Plaintiff under the Policy. Plaintiff accepted said payment without condition and without waiver by Plaintiff to pursue the claims she had already been preparing, had already warned Defendant about, and which are presented herein.

52. The amounts tendered to Plaintiff to date do not make Plaintiff whole. They do not cover or satisfy all the damages caused by Defendant's conduct or monies owed. Nor do they suffice as a release of any kind barring Plaintiff from seeking full recovery as alleged herein on her own behalf.

## VII. TOLLING

53. The applicable periods here and statutes of limitations have been tolled by several equitable, contractual, statutory, and other tolling principles or doctrines.

54. The parties here have agreed to toll applicable statutes of limitations sufficiently to guarantee that the filing of this Complaint is timely. And to the extent payments have been made by Defendant, said payments waive and make moot any defenses based on any statute of limitations.

55. Also, Defendant, through intentional misrepresentation and concealment of material facts, prevented Plaintiff from discovering the nature of Defendant's wrongful conduct. Despite Plaintiff's exercise of reasonable diligence, Defendant's conduct actively misled Plaintiff, causing a delay in Plaintiff's ability to recognize the existence of a claim. As a direct result of Defendant's fraudulent concealment, the statute of limitations is equitably tolled, and Plaintiff's claims are again timely.

56. Separately, Plaintiff, despite the exercise of reasonable diligence, did not and could not have discovered the facts giving rise to this cause of action until sometime in 2023 or 2024. The nature of Defendant's wrongful conduct was not reasonably apparent, and Plaintiff remained unaware of the injury and its cause due to circumstances beyond his/her control. As a result, the statute of limitations did not begin to run until Plaintiff's discovery of the claim, and this action is, once again, timely filed.

57. Next, in 2020, the California Department of Insurance issued a stay on Statutes of Limitations in relation to the termination of policies, in light of the ongoing Covid-19 pandemic. Specifically, Insurance Commissioner Ricardo Lara issued a notice to insurance companies to stop enforcing policies or statutes of limitations for claims or coverage until 90 days after the "state of emergency" was lifted. *See* https://www.insurance.ca.gov/01-consumers/140-catastrophes/Coronavirus.cfm#:~:text=Insurance%20Commissioner%20Ricardo%20

Lara%20issued,ended%20related%20to%20COVID%2D19. The Covid-19 State of Emergency was lifted by Governor Newsom on March 21, 2023. See https://www.scccd.edu/news/2023/california-ends-covid-19-state-of-emergency.html. This also expanded the time within which consumers, like Plaintiff, could file a timely complaint and, in turn, expanded the applicable statutes of limitations periods here.

58. Also, on March 4, 2020, the Governor of California declared a state of emergency due to the COVID-19 pandemic. In response, the California Judicial Council issued emergency orders tolling civil statutes of limitations, including but not limited to Emergency Rule 9, which separately tolled the limitations period for civil actions from April 6, 2020, until October 1, 2020.

59. Finally, Plaintiff was or is a putative class member in several cases against this same Defendant, including *Wollam v. Transamerica Life Ins. Co.*, Case No. 3:21-cv-09134 (U.S. Dist. Court, N.D. Cal.), which asserted or assert claims substantially like those brought here. Thus, the statute of limitations for Plaintiff's claims was and continues to be tolled during the pendency of those actions, or at least until the dates any motions for class certification were denied or the cases dismissed, thus further expanding the applicable statutes of limitations periods here.[1]

## VIII. FIRST CAUSE OF ACTION

### FOR DECLARATORY JUDGMENT OR RELIEF
### (CAL CIV. CODE § 1060 *ET SEQ.*)
### (By Plaintiff against Defendant)

60. Plaintiff incorporates by reference each and every allegation contained above.

61. Under California law, "[a]ny person interested under a written instrument…or under a contract, or who desires a declaration of his or her rights or

[1] For example, *Wollam* was filed on October 19, 2021. On March 13, 2024, the court in *Wollam* denied that plaintiff's motion for class certification based on the unique facts of that case. Ms. Parala's claims would have been tolled, at a minimum, for the nearly three years between the filing of the *Wollam* action and the denial of class certification.

duties with respect to another…may, in cases of an actual controversy relating to the legal rights and duties of the respective parties," may maintain a complaint or cross complaint "for a declaration of his or her rights and duties." Furthermore, he or she "may ask for a declaration of rights or duties, either alone, or with other relief, and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time." (Cal. Civ. Code § 1060.)

**A. Basis for Relief**

62. On January 1, 2013, the California Insurance Code was amended by Sections 10113.71 and 10113.72. The provisions of The Statutes were immediately, and thereafter, read into all in-force policies regardless of the date of issuance.

63. These statutes and amendments to the California Insurance Code were intended to and do regulate the lapse and termination procedures arising from the nonpayment of premiums which may occur from the date of enactment and thereafter.

64. The amendments were not intended to relieve or waive a policyholder's continuing obligation to pay premiums but operated to keep the policy in force until the policy was properly lapsed or terminated consistent with the statutory provisions which were incorporated into the terms of the policy by law. Each of these statutory requirements were intended to stand alone.

65. Forfeiture provisions for nonpayment of premium for life insurance policies are strictly construed against lapse or termination and California law disfavors forfeiture of insurance. Forfeitures "are often the means of great oppression and injustice" and "the courts should be liberal in construing the transaction in favor of avoiding a forfeiture." (*Ins. Co. v. Norton* (1978) 96 U.S. 234, 242.) "Forfeiture of a policy will be avoided on any reasonable showing." (*Klotz v. Old Line Life Ins. Co. of Amer.* (N.D. Cal. 1996) 955 F.Supp. 1183, 1188).

**B. There is an Actual Controversy Requiring a Declaration of Rights and Duties**

66. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the California Insurance Code and the Policy. Plaintiff contends Sections 10113.71 and 10113.72 apply to the Subject Policy as well as all of Defendant's California life insurance policies in force on or any time after January 1, 2013. Plaintiff also contends these Statutes govern the manner and procedure in which life insurance policies can legally be lapsed or terminated as of January 1, 2013, and thereafter. Plaintiff also contends that Defendant failed to comply with The Statutes and that Defendant's noncompliance with The Statutes rendered any subsequent lapses for nonpayment of premium ineffective and that, rather, the Plaintiff's policy should have been treated as in force despite the nonpayment of premium and should continue to be treated as in force unless and until otherwise properly terminated. In short, Plaintiff's policy that Defendant wrongfully lapsed or terminated must be restored at no further cost to the Plaintiff or otherwise treated as if the lapse or termination never happened. For policies, such as Plaintiff's, where the insured has passed, Defendant owes all benefits under the policies along with applicable interest and all other resulting damages. Defendant contends and acts as if the Statutes do not apply to these policies and as if its termination of Plaintiff's policy was and remains effective.

67. Plaintiff desires a judicial determination of rights and duties for herself, and a declaration or judgment on all the above issues including that Sections 10113.71 and 10113.72 applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013, including the Subject Policy; that Defendant failed to comply with The Statutes, and that Defendant's noncompliance rendered any subsequent lapses for nonpayment of premium ineffective, and as such, where the insured has died, all benefits are due with interest and all other resulting damages.

68. A judicial declaration is necessary and would advise owners, insureds, and their beneficiaries like Plaintiff of her rights, and would advise Defendant of its duties to Plaintiff concerning policyholders' and beneficiaries' rights under the Insurance Code and their policies.

## IX. SECOND CAUSE OF ACTION

### FOR DECLARATORY JUDGMENT OR RELIEF (FEDERAL DECLARATORY JUDGMENT ACT – 28 U.S.C. §§ 2201, *ET SEQ.*)
### (By Plaintiff against Defendant)

69. Plaintiff incorporates by reference each and every allegation contained above.

70. Under federal law, "[i]n a case of actual controversy within its jurisdiction, … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment and shall be reviewable as such." (28 U.S.C. 2201; Fed. Rule Civ. Proc., Rule 57).

71. Here, an actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the California Insurance Code and the Policy. Plaintiff contends Sections 10113.71 and 10113.72 apply to the Subject Policy as well as all of Defendant's California life insurance policies in force on or any time after January 1, 2013. Plaintiff also contends these Statutes govern the manner and procedure in which life insurance policies can legally be lapsed or terminated as of January 1, 2013, and thereafter. Plaintiff also contends that Defendant failed to comply with The Statutes and that Defendant's noncompliance with The Statutes rendered any subsequent lapses for nonpayment of premium ineffective and that, rather, the Plaintiff's policy should have been treated as in force despite the nonpayment of premium and should continue to be treated as in force unless and until otherwise properly terminated. In short, Plaintiff's policy that Defendant wrongfully lapsed or terminated must be restored at no further cost or

otherwise treated as if the lapse or termination never happened. For policies, such as Plaintiff's, where the insured has passed, Defendant owes benefits under the policies plus all applicable interest and resulting damages. Defendant contends and acts as if the Statutes do not apply to these policies and as if its termination of Plaintiff's policy was and remains effective.

72. Plaintiff desires a judicial determination of rights and duties, and a declaration or judgment on all the above issues, including that Sections 10113.71 and 10113.72 applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013, including the Subject Policy; that Defendant failed to comply with The Statutes, and that Defendant's noncompliance rendered any subsequent lapses for nonpayment of premium ineffective, and as such, where the insured has died, money is due.

73. A judicial declaration is necessary and would advise owners, insureds, and their beneficiaries like Plaintiff of their rights, and would advise Defendant of its duties to Plaintiff concerning policyholders' and beneficiaries' rights under the Insurance Code and their policies.

## X. <u>THIRD CAUSE OF ACTION</u>

### BREACH OF CONTRACT
### (By Plaintiff against Defendant)

74. Plaintiff incorporates by reference each and every allegation contained above.

75. Defendant breached and continues to breach the express terms of their life insurance policies, including Plaintiff's Policy, as well as the statutory mandates regarding such policies, by, amongst other things:

a. Failing to provide an accurate grace period notice for purposes of payment of premiums and lapse and termination of coverage for nonpayment of premium;

b. Failing to include in such policies and failing to provide accurate 30-day written notice of pending lapse or termination;

c. Failing to provide proper notice to policyholders on an annual basis of the policyholders' right to designate individuals to receive notices of pending lapse or termination;

d. Lapsing or terminating policies without complying with the terms of the policies;

e. Refusing to pay all money owed to beneficiaries, including but not limited to policy benefits, despite knowledge and information that Defendant had not complied with the terms of the policies;

f. Improperly requiring reinstatement of policies that had not lapsed or terminated and which were not required or were not subject to reinstatement;

g. By failing to honor valid claims;

h. By failing to provide the notices required by the policy; and

i. By failing to apply the applicable law to the insurance contract.

76. Under the terms of this Policy and consistent with laws of California, Plaintiff was entitled to sufficient written notice of pending lapse, notice of a right to designate, and for Defendant to send such notice of pending lapse to any designee. TLIC sent no such notice and thus, breached the insurance contract by failing to provide these mandatory protections.

77. TLIC also failed to honor claims for benefits and has thus far failed to make Plaintiff whole under these policies and thereby breached the express terms of the policies.

78. All the aforementioned conduct, individually and collectively, constitutes material unexcused breaches of the policies. To the extent any contractual obligations, duties, or conditions are imposed on policyholders or on beneficiaries, those obligations, duties, and conditions have been waived and/or have

been excused due to Defendant's material breaches. After each material breach, each policy owner was thus excused from the further tendering of premiums and from any further performance under the terms of the policy, including but not limited to the acceptance of any offer by TLIC of any reinstatement or modification to the policy.

79. Defendant's conduct caused injury upon the false, wrongful and inadequate termination of coverage devaluing the policy and subsequently caused injury in fact through the further denial of an ability to resume coverage, and ultimately in refusing to pay all moneys owed under the policies. Plaintiff suffered harm through the loss of coverage, the loss of peace of mind related to the existence of coverage, and the capacity to utilize the years of investment in the wrongfully lapsed and terminated policy.

80. To the extent any policyholders and/or beneficiaries have failed to comply with any payment conditions or other conditions for the continuation of insurance, Defendant is estopped to assert such conditions due to their conduct and material breaches. Yet, Defendant has done so with respect to Plaintiff. To the extent any claim and notice requirements exist and have not been waived or defendant estopped from asserting for any beneficiary, this action constitutes a demand for payment of benefits.

81. As a legal and proximate result of the conduct described herein, Plaintiff has suffered direct and foreseeable economic damages, including loss of policy benefits, and allowed interest under the terms of the policy and the law, in a nature and amount to be proven at the time of trial.

## XI. FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION
### (CAL. BUS. AND PROF. CODE § 17200, *ET SEQ.*)
### (By Plaintiff against Defendant)

82. Plaintiff incorporates by reference each and every allegation contained above.

83. Plaintiff brings this claim individually.

84. California Business and Professions Code section 17200, *et seq*., ("UCL") prohibits any unlawful, unfair, deceptive, or fraudulent business practice.

85. Defendant committed "unlawful" acts under the UCL by violating Sections 10113.71 and 10113.72, including as to Plaintiff and the Policy. Defendant failed to provide Plaintiff with the requisite 60-day grace period provision, written 30-day notices prior to any lapse or termination, and/or the mandatory annual right to designate someone else to also receive notices of pending lapse or termination of coverage.

86. The Parala Policy was improperly terminated and they remain eligible for benefits payable upon the deaths of any named insureds. TLIC's contrary repudiation or termination of said policies has thus robbed Plaintiff of valuable coverage and benefits to which they are entitled.

87. TLIC's unlawful practices also included and continue to include Defendant's ongoing concealment of the rights afforded to policy owners under Sections 10113.71 and 10113.72. Defendant continues to conceal and mislead the policy owners and beneficiaries of the existence of a right to a 30-day lapse notice, a right to a 60-day grace period, a right to an annual designation, as well as the provisions of these Statutes that mandate compliance before any effective lapse or termination occurs.

88. Moreover, TLIC has committed deceptive acts under the UCL by affirmatively and erroneously telling Plaintiff that her policy had grace periods of less than 60 days and/or that their policies lapsed or terminated. The truth is that the policies had grace periods of at least 60 days and the policies had *not* actually lapsed or terminated.

89. The unlawful and unfair business practices described above have proximately caused harm and injuries to Plaintiff, and to the general public in the form of lost money or property. The economic injury suffered by Plaintiff includes

lost policy coverage, lost policy benefits, wrongfully collected or inflated premiums, and/or diminution of the value of their insurance policies.

90. Pursuant to California's UCL, Plaintiff, and the general public are entitled to revival of their policies which Defendant illegally terminated by means of such business practices.

91. Plaintiff and the general public are entitled to injunctive relief, including public injunctive relief. If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiff and the general public will be or will continue to be irreparably injured.

92. Plaintiff is entitled to equitable restitution.

93. Plaintiff and the general public bring these equitable claims under the UCL in lieu of other claims or remedies they may have at law.

94. Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public. Also, private enforcement of these rights is necessary and the interests Plaintiff seeks to protect are for the benefit of the general public. Plaintiff is therefore entitled to an award of attorneys' fees and costs of suit pursuant to, among other things, the Public Benefit Doctrine, and California Code of Civil Procedure Section 1021.5.

## XII. FIFTH CAUSE OF ACTION

**BAD FAITH**
**(By Plaintiff against Defendant)**

95. Plaintiff incorporates by reference each and every allegation contained above.

96. At all relevant times, Defendant owed Plaintiff a duty of good faith and fair dealing arising from Plaintiff's status as the owner and insured of the Policy. This relationship and the resulting duties existed at all times mentioned herein and continue until this day.

97. At all relevant times, as an entity licensed to engage in the transaction of insurance and the administration of life insurance policies and related plans, TLIC contractually agreed to provide services to Plaintiff and assumed certain duties, including fiduciary duties alongside duties owed to Plaintiff by TLIC. TLIC has an obligation to follow the law and treat Plaintiff in a fair manner. As herein described, TLIC violated these duties and as a legal consequence caused injury and harm to Plaintiff.

98. At all relevant times, Defendant owed Plaintiff a duty to perform the express and implied obligations imposed by the Policy, to act in good faith, to deal fairly with Plaintiff, and to not interfere with Plaintiff's rights under the Policy. This duty required Defendant to treat Plaintiff in good faith, consider her interests equally with those of TLIC' and not misrepresent or conceal material information from Plaintiff and others with an interest in the Policy. These obligations and duties have existed from the inception of the Policy and continue now and into the future through the pendency of this action.

99. By its conduct described heretofore, Defendant has materially breached the terms and conditions of the Policy and the statutory mandates of the laws of the state of California by, amongst other things, improperly lapsing and terminating the Policy, refusing to allow reinstatement or continuation of coverage, and refusing to all money owed under the policies, and continually refusing and failing to properly advise Plaintiff of her rights and of TLIC' duties and responsibilities.

100. Following the *McHugh* decision, and other decisions confirming this ruling and further establishing that the failure to comply with the Statutes prevented the legal termination of Plaintiff's policy for nonpayment of premium, TLIC has failed, up to and including the present date, to advise Ms. Hernandez and Plaintiff of the legally ineffective termination of her Policy as a result of TLIC' failure to fully comply with the Statutes including failing to provide proper written notice, and

failure to provide the opportunity to designate a third party to receive notice of impending lapse.

101. Following the *McHugh* decision, and through the present date, TLIC was aware that courts in California have definitively concluded that the Statutes were applicable to policies and agreements (such as Plaintiff's Policy) issued prior to January 1st, 2013, and in force after that date. Despite such knowledge, TLIC refuses to revise its procedures or practices and continues to deny Plaintiff protections afforded by the Statutes and refuses to even advise Plaintiff of the potential availability of this protection. TLIC is aware that it is required to evaluate the termination of any policy which did not fully comply with the provisions of Insurance Code. Instead, TLIC consciously decided it would refuse to investigate such known noncompliant terminations and otherwise comply with the law.

102. TLIC, at all times relevant herein and to the present date, breached the covenant of good faith and fair dealing owed to Plaintiff by failing, amongst other things, to comply with the terms of the Policy, to abide by the Policy and the law precluding lapses, regarding applicable grace periods, and the right to designate a third party notice recipient, by misrepresenting the law, by failing to comply with proper industry standards and customs regarding cancellation of life insurance policies, and, ultimately, by concealing from Plaintiff the possible application of the Statutes and the invalidity of its attempted termination, and by failing to pay all money owed.

103. Plaintiff is informed and believes that Defendant made a conscious decision to withhold and conceal from individuals, such as Plaintiff, insureds, beneficiaries, as well as their agents and personnel, the potential application of the Statutes to the Policy, as well as to others. This concealment and accompanying misrepresentations occurred before, during, and after the purported termination of the Policy, and continues until the present date.

104. TLIC's actions and inactions constitute malice, oppression, and fraud. These acts have been undertaken, consented to and/or ratified by officers or directors of TLIC, as well as managing agents who have directly participated in the decision-making processes concerning the application of the Statutes to the Policy, including the decision-making processing concerning its continual refusal to apply same. Defendant and its officers, directors, and managerial agents, have also made repeated intentional misrepresentations and engaged in active concealment, as heretofore discussed, thus constituting deceit and fraud. In performing these acts, Defendant and its officers, directors, and managerial agents, participated or ratified active concealment of the rights of insureds, such as Plaintiff, with regards to termination of coverage for nonpayment in order to avoid incurring liabilities and costs associated with compliance with the law. Such conduct was, in fact, malicious, oppressive, and fraudulent, justifying an award of punitive damages against Defendant.

105. Plaintiff has suffered and continues to suffer injuries and damages legally caused by Defendant's past and ongoing failure to uphold the terms of the Policy and application of the Statutes to the Policy, and to pay money owed under a policy that was not legally terminated. Plaintiff has also suffered and will continue to suffer consequential economic and non-economic injuries, including emotional distress, in a nature and amount to be proven at trial. Plaintiff has also been required to retain competent legal counsel to prosecute this action and will continue to incur attorneys' fees and expenses. Defendant's conduct is the legal cause of the need for these expenditures, for which, along with other actual injuries, damages, and future ongoing injuries and damages, Plaintiff seeks compensation in an amount to be proven at trial.

## XIII. <u>PRAYER FOR RELIEF</u>

Plaintiff ARMIDA PARALA, prays for relief against Defendants as follows:

1. A declaration of Plaintiff's rights pursuant to the insurance policies issued by Defendant including that Sections 10113.71 and 10113.72 ("The Statutes") applied as of January 1, 2013, to Defendant's California policies in force as of or at any time after January 1, 2013, including the Subject Policy; that Defendant failed to comply with The Statutes, that Defendant's noncompliance rendered any subsequent lapses for nonpayment of premium ineffective; and that full benefits with interest are owed on those ineffectively lapsed policies where at least one named insured has died;
2. For an injunction to issue against Defendant stopping and remedying the ongoing violation of The Statutes, including public injunctive relief;
3. For economic damages according to proof where available;
4. For restitution where available;
5. For interest where available;
6. For attorneys' fees and all litigation costs and expenses where available; and
7. For such other and further relief as this Court deems just and proper.

## XIV. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: July 29, 2025

**NICHOLAS & TOMASEVIC, LLP**

By: */s/ Alex Tomasevic*

Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Boulevard
La Mesa, CA 91942
Tel: (619) 234-9000
Fax: (619) 750-0413
Email: jwinters@singletonschreiber.com
Email: sball@einsurelaw.com

**SINGLETON SCHREIBER, LLP**
Michelle M. Meyers (SBN 236387)
Christopher R. Rodriguez (SBN 212274)
Andrew D. Bluth (SBN 232387)
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515
Email: crodriguez@singletonschreiber.com
Email: abluth@singletonschreiber.com
Email: mmeyers@singletonschreiber.com

Attorneys for Plaintiff, ARMIDA PARALA